UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| TERRY D.[1], | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:17-cv-02988-TWP-DML |
| | ) |
| NANCY A. BERRYHILL, Deputy Commissioner for Operations, Social Security Administration, | ) ) ) |
| | ) |
| Defendant. | ) |

Report and Recommendation on Complaint for Judicial Review

This matter was referred to the Magistrate Judge under 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b) for a report and recommendation as to its appropriate disposition. As addressed below, the Magistrate Judge recommends that the District Judge AFFIRM the decision of the Deputy Commissioner for Operations of the Social Security Administration ("Commissioner") that plaintiff Terry D. is not disabled.

**Introduction**

Plaintiff Terry D. applied in April 2014 for Disability Insurance Benefits (DIB) and Supplemental Security Income based on disability (SSI) under Titles II

---

[1] To protect privacy interests of claimants for Social Security benefits and consistent with a recommendation of the Court Administration and Case Management Committee of the Administrative Office of the United States courts, the Southern District of Indiana has chosen to use only the first name and last initial of non-governmental parties in its Social Security judicial review opinions. The plaintiff will therefore be referred to by his first name in this Report and Recommendation.

and XVI, respectively, of the Social Security Act. Acting for the Commissioner following a hearing on January 21, 2016, administrative law judge Gladys Whitfield found that Terry is not disabled. The Appeals Council denied review of the ALJ's decision, rendering the ALJ's decision for the Commissioner final. Terry timely filed this civil action under 42 U.S.C. § 405(g) for judicial review of the Commissioner's decision.

Terry asserts two errors. He contends that the ALJ's step three listing discussion is too perfunctory. He also contends that the RFC is not supported by substantial evidence because he was found able to lift overhead occasionally despite an inability to raise his arms above his collarbone and because the ALJ did not require that he use a cane.

**Standard for Proving Disability and the ALJ's Five-Step Conclusions**

To prove disability, a claimant must show that he is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A) (DIB benefits); 42 U.S.C. § 1382c(a)(3)(A) (SSI benefits).[2]

---

[2] Two programs of disability benefits are available under the Social Security Act: DIB under Title II for persons who have achieved insured status through employment and withheld premiums, 42 U.S.C. § 423 *et seq.*, and SSI disability benefits under Title XVI for uninsured individuals who meet income and resources criteria, 42 U.S.C. § 1381 *et seq.* The court's citations to the Social Security Act and regulations promulgated by the Social Security Administration are those applicable to DIB benefits. For SSI benefits, materially identical provisions appear in Title XVI and at 20 C.F.R. § 416.901 *et seq.*

Terry is disabled if his impairments are of such severity that he is not able to perform the work he previously engaged in and, if based on his age, education, and work experience, he cannot engage in any other kind of substantial gainful work that exists in significant numbers in the national economy.  42 U.S.C. 423(d)(2)(A).  The Social Security Administration has implemented these statutory standards by, in part, prescribing a five-step sequential evaluation process described at 20 C.F.R. 404.1520.

The ALJ found as follows in her five-step analysis:

- Step One: Terry had not engaged in substantial gainful activity since December 1, 2012, his alleged onset date.

- Step Two:  Terry has the following severe impairments:  osteoarthritis and allied disorders.

- Step Three: No listings were met or medically equaled.

- Residual Functional Capacity for Applying Steps Four and Five: Terry has the RFC "to perform medium work as defined in 20 CFR § 404.1567(c) and § 416.967(c) except unlimited pushing/pulling up to twenty-five pounds and occasional bilateral overhead reaching."  He also is "limited to work that can be performed on even terrain but avoid wet terrain, and avoid concentrated exposure to moving machinery and unprotected heights."

- Step Four: Terry cannot perform his past relevant work as a short order cook and a kitchen helper because, primarily, that work is performed in environments (kitchens) that have wet floors and thus are not consistent with his RFC.

- Step Five:  Relying on the testimony of a vocational expert and in light of Terry's RFC and vocational factors (age, education, and work experience), Terry is capable of performing the following jobs that exist in significant numbers in the national economy:  laundry worker, hand packager, and stores laborer.

Accordingly, the ALJ decided at step five that Terry is not disabled. The court will evaluate the ALJ's decision and Terry's assertions of error in light of the applicable standard of review, addressed below.

## Standard of Review of the ALJ's Decision

Judicial review of the Commissioner's (or ALJ's) factual findings is deferential. A court must affirm if no error of law occurred and if the findings are supported by substantial evidence. *Dixon v. Massanari,* 270 F.3d 1171, 1176 (7th Cir. 2001). Substantial evidence means evidence that a reasonable person would accept as adequate to support a conclusion. *Id.* The standard demands more than a scintilla of evidentiary support, but does not demand a preponderance of the evidence. *Wood v. Thompson,* 246 F.3d 1026, 1029 (7th Cir. 2001).

The ALJ is required to articulate a minimal, but legitimate, justification for her decision to accept or reject specific evidence of disability. *Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004). The ALJ need not address every piece of evidence in her decision, but she cannot ignore a line of evidence that undermines the conclusions she made, and she must trace the path of her reasoning and connect the evidence to her findings and conclusions. *Arnett v. Astrue,* 676 F.3d 586, 592 (7th Cir. 2012); *Clifford v. Apfel,* 227 F.3d 863, 872 (7th Cir. 2000).

## Analysis – Terry's Assertions of Error

Terry asserts two errors: (1) the ALJ's listing analysis lacks substantial evidentiary support and (2) the RFC is erroneous because it does not require Terry to use a cane and does not appropriately restrict his overhead lifting. As addressed

below, the court rejects Terry's arguments because the ALJ's analyses are supported by medical expert opinion that Terry does not purport to challenge.

### A. The ALJ's listing decision is supported by the opinions of the state reviewing physicians.

Terry contends that the ALJ's analysis of whether any of the l.00 listings (those relating to the musculoskeletal system), but particularly listing 1.02 (major dysfunction of a joint), was met or medically equaled is too perfunctory to be upheld on judicial review. The court will focus solely on listing 1.02 because Terry develops an argument only as to that listing. In the step three portion of the decision, the ALJ stated that "[t]he record, consistent with the findings below, does not demonstrate, major dysfunction of a joint (1.02)." Terry argues that the ALJ merely dismissed the possibility of his "shoulder osteoarthritis meeting or equaling Listing 1.02 criteria" because there allegedly is *no* analysis to support the ALJ's conclusion. But Terry ignores the ALJ's "findings below"—that is, her analysis of the medical evidence elsewhere in her decision.

That analysis took into account whether there was evidence of "gross anatomical deformity" as required by listing 1.02, and the ALJ found that x-rays of Terry's right and left shoulders revealed "no acute osseous abnormality and no significant degenerative change." (R. 20). The analysis also took into account whether there was an "inability to perform fine and gross movements effectively," as required by listing 1.02, and the ALJ found that his consultative examination revealed that "[b]oth gross and fine dexterous functioning of the hands was preserved." (*Id.*). In addition, and significantly, the ALJ addressed her reliance on

5

the opinions of the state agency reviewing physicians, both of whom examined listing 1.02 and determined that it had not been met or medically equaled. (*See* R. 80 (medical opinion on initial review that listing 1.02 was considered), R. 100 (medical opinion on reconsideration review that listing 1.02 was considered). These opinions, as well as the ALJ's findings regarding the absence of abnormality revealed by the shoulder x-rays and the preserved gross and fine dexterous functioning, provide substantial evidence to support the ALJ's determination that no listing was met or medically equaled. *See Scheck v. Barnhart,* 357 F.3d 697, 700 (7th Cir. 2004) (ALJ may properly rely on the opinions of state agency reviewing physicians on whether a listing was met or equaled).

The court therefore rejects Terry's contention that the ALJ's step three analysis was flawed and requires remand.

### B. The ALJ's decision about Terry's lifting abilities is supported by the opinions of the state reviewing physicians.

For his second assertion of error, Terry argues that the ALJ's restriction in the RFC to only occasional bilateral overhead reaching is not supported by the evidence because the ALJ also remarked that Terry had been unable during his consultative physical examination to raise his arms above the level of his clavicle (the collarbone). But there is no requirement that an ALJ include in an RFC a restriction based solely on whether a claimant could or could not demonstrate a particular physical demand during a single consultative physical examination. Here, the ALJ reviewed the medical evidence that may affect Terry's physical abilities, including his shoulder x-rays, and she relied on the medical opinions of the

6

state reviewing physicians in deciding an appropriate RFC based on the medical evidence and Terry's inability to raise his arms above his collar bone during the physical exam. The state agency physicians explained in their reports that a limitation to occasional bilateral overhead reaching is appropriate because of the history of shoulder pain and the presence of osteoarthritis. They also explained that the loss of range of motion to the extent alleged by Terry is not supported by the evidence and therefore does not support a more restrictive RFC with respect to reaching. (*E.g.,* R. 81). Further, there is no other medical opinion in the record that supports any greater limitation. *Castile v. Astrue,* 617 F.3d 923, 927 (7th Cir. 2010) (noting an absence of a medical expert opinion to support the restriction urged by the claimant). The court therefore finds that the ALJ's decision to limit bilateral overhead reaching to occasional, and not never, is supported by substantial evidence and is not grounds for remand.

### C. The ALJ's decision to exclude a cane from the RFC is supported by substantial evidence and is appropriately explained.

Terry's final assertion of error is that the ALJ's decision lacks an explanation why the use of a cane was not included in the RFC. The court disagrees. The ALJ's decision states that although Terry uses a cane occasionally when he leaves his home, "no doctor prescribed the cane." (R. 19). The lack of a medical opinion for the necessity of a cane supports an ALJ's decision not to include a cane in an RFC.

Social Security Regulation 96-9p notes that to find in an RFC that a hand-held assistive device is required, "there must be medical documentation establishing the need for a hand-held assistive device to aid in walking or standing,

7

and describing the circumstances for which it is needed (*i.e.,* whether all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information.") The ALJ's remark that there was no prescription for a cane sufficiently supports the decision not to include one in the RFC. The court notes too that the ALJ did not ignore Terry's stability issues; she limited him to work environments that do not have uneven or wet terrain.

Terry's argument that the ALJ could not rely on the lack of a prescription for a cane is not supported by the cases he cites. In *Terry v. Astrue,* 580 F.3d 471, 477-78 (7th Cir. 2009), the court examined whether the lack of a prescription for a hand-held assistive device (in *Terry,* a walker) was probative of a claimant's exaggeration of her limitations. *See id.* at 478 (the claimant's use of a walker, "even if a doctor did not recommend it, is not on its own enough to make her testimony regarding her pain unbelievable"). In *Thomas v. Colvin,* 534 Fed. Appx. 546 (7th Cir. 2013) (unpublished), the ALJ did not address the claimant's use of a cane at all. In this case, the ALJ did not ignore that Terry had used a cane, and she did not use the lack of a prescription as a basis for undermining Terry's credibility.

The lack of a cane in the RFC is not legally erroneous. There is substantial evidentiary support for its omission. The court finds no basis for remand.

## Conclusion

For the foregoing reasons, the Magistrate Judge recommends that the District Judge AFFIRM the Commissioner's decision that Terry was not disabled.

Any objections to this Report and Recommendation must be filed in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). The failure to file objections within fourteen days after service will constitute a waiver of subsequent review absent a showing of good cause for that failure. Counsel should not anticipate any extension of this deadline or any other related briefing deadlines.

IT IS SO RECOMMENDED.

Dated: August 20, 2018

*Debra McVicker Lynch*
Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana